IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERIE DIVISION

|  |  |  |
|---|---|---|
| RON ALLEN HUNTER, Jr.,<br><br>Petitioner<br><br>v.<br><br>ERIE COUNTY PRISON OF<br>CORRECTION, et al.,<br><br>Respondents | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | 1:25-CV-00281-RAL<br><br>RICHARD A. LANZILLO<br>Chief United States Magistrate Judge<br><br>MEMORANDUM OPINION ON<br>PETITIONER'S PETITION FOR<br>WRIT OF HABEAS CORPUS AND<br>RESPONDENTS' MOTION TO<br>DISMISS<br><br>ECF NOS. 4 and 10 |

I.      Introduction

This matter is before the Court for consideration of the Petition for Writ of Habeas Corpus filed by Petitioner Ron Allen Hunter, Jr. pursuant to 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). ECF No. 4.  Hunter is challenging the judgment of sentence imposed upon him by the Court of Common Pleas of Erie County in CP-25-CR-000437-2022.  For the following reasons, Hunter's petition will be denied and no certificate of appealability will issue.

II.     Background

A review of the record and the docket sheet for Petitioner's criminal proceeding reveals that he was charged with resisting arrest, disorderly conduct, and two summary violations in a criminal complaint filed in the Court of Common Pleas of

Erie County, Pennsylvania, on January 11, 2022, at Docket No. MJ-06302-CR-00008-2002.  *See Commonwealth v. Hunter*, No. CP-25-CR-000437-2022.  At a preliminary hearing on February 22, 2022, Petitioner waived one count of Investigation by Officer/Duty of Operator, a summary violation, to court.  *Id.*  The remaining charges were withdrawn or dismissed.  *Id.*

On November 10, 2022, the trial court found Petitioner guilty of the summary offense of Investigation by Officer/Duty of Operator following a non-jury trial.  *Id.*  On January 6, 2023, Petitioner was sentenced to pay costs and a $25 fine.  *Id.*  He did not appeal.  *Id.*  As of the date of this Opinion, it appears that Petitioner still owes $454.98 in fines and court costs.  *Id.*

The instant petition was lodged on September 10, 2025.  ECF No. 1. Respondents filed the pending motion to dismiss on February 10, 2026.  ECF No. 10. The petition and motion are each ripe for review.

III.    Analysis

AEDPA imposes a one-year limitations period for state prisoners seeking federal habeas review.  Codified at 28 U.S.C. § 2244(d), the statute provides that:

> (1)    A 1-year period of limitation shall apply to an application  for a writ of habeas corpus by a person in custody pursuant   to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)    the date on which the impediment to filing an application    created  by  State  action  in violation of the Constitution or laws of the

> (C)     United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)     the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

28 U.S.C. § 2244(d).

In analyzing whether a petition for writ of habeas corpus has been timely filed, a federal court must undertake a three-part inquiry. First, the court must determine the "trigger date" for the one-year limitations period pursuant to section 2244(d)(1). *Caldwell v. Mahally, et al.*, 2019 WL 5741706, *5 (W.D. Pa. Nov. 5, 2019). Second, the court must determine whether any "properly filed" applications for post-conviction or collateral relief were pending during the limitations period that would toll the statute pursuant to section 2244(d)(2). *Id.* at *6. Third, the court must determine whether any of the other statutory exceptions or equitable tolling should be applied on the facts presented. *Id.* at *8.

Turning first to the "trigger date," Petitioner's judgment of sentence became final on or about February 5, 2023, at the expiration of the time for filing a direct appeal from the judgment of sentence. Pa.R.A.P. 903(a); *Swartz v. Meyers*, 204 F.3d

417, 419 (3d Cir. 2000) (noting that a judgment becomes final at the conclusion of direct review or the expiration of time for seeking such review). Unless he can demonstrate that he is entitled to statutory or equitable tolling, the statute of limitations for Petitioner to file a timely habeas petition expired one year later, on February 5, 2024.

Section 2244(d)(2) provides that the one-year limitations period is tolled during the pendency of a "properly filed" state post-conviction proceeding. Because Petitioner did not file a petition pursuant to the Pennsylvania Post Conviction Relief Act, no statutory tolling is available. Consequently, his petition, filed over eighteen months after the expiration of AEDPA's limitations period, is untimely.

Before dismissing the petition as untimely, the Court must consider whether AEDPA's statute of limitations should be equitably tolled. *See Robinson v. Johnson*, 313 F.3d 128, 134 (3d Cir. 2002), *cert. denied*, 540 U.S. 826 (2003) (citing sources omitted). To receive the benefit of equitable tolling, Petitioner must demonstrate that he: (1) pursued his rights diligently, and (2) extraordinary circumstances prevented him from filing a timely petition. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Petitioner bears a "strong burden to show specific facts" supporting equitable tolling. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008)). *See also Martin v. Adm'r N.J. State Prison*, 23 F.4th 261, 272 (3d Cir. 2022) (noting that federal courts are to use equitable tolling sparingly and do so "only in the rare situation where [it] is demanded by sound legal

4

principles as well as the interests of justice.") (quoting *LaCava v. Kyler*, 398 F.3d 271, 275 (3d Cir. 2005)).

In his response in opposition to Respondents' motion, Petitioner does not make any explicit attempt to meet this burden. *See* ECF No. 14. The Court notes, however, that Petitioner alleges in his Petition that he asked trial counsel to file a motion to dismiss and an appeal and was ignored. *See, generally*, ECF No. 4. It is unclear how this prevented him from filing a timely petition. And, even if counsel's failure to file a direct appeal could be characterized as sufficiently "extraordinary" to have prevented Petitioner from filing a timely petition, he has failed to establish that he pursued his rights diligently. As noted by the Court of Appeals for the Third Circuit, "a finding that attorney malfeasance is an extraordinary circumstance, without more, is not sufficient to warrant equitable tolling." *Schlueter v. Varner*, 384 F.3d 69, 77 (3d Cir. 2004). *See also LaCava*, 398 F.3d at 278 (noting that "attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling" in non-capital cases). Rather, the petitioner must also demonstrate that he exercised "due diligence in pursuing the matter under the specific circumstances he faced." *Id*. (citing *Spitsyn v. Moore*, 345 F.3d 796 (9th Cir. 2003)). Petitioner has not offered any explanation for the delay in filing his Petition or described any steps he took to diligently pursue his federal claims.

In short, Petitioner has failed to establish that this case presents the rare situation where equitable tolling is demanded by sound legal principles and the

interests of justice. Accordingly, equitable tolling should not be applied. Thus, the petition is untimely and should be denied on that basis.[1]

IV.    Certificate of Appealability

AEDPA provides that, "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from … the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court[.]" 28 U.S.C. § 2253(c)(1)(A). It also provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." Id. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Applying that standard here, jurists of reason would not find it debatable whether Petitioner's

---

[1] As an alternative ground for dismissal, the Court notes that Petitioner has also failed to establish that he is "in custody" pursuant to a state court judgment. To obtain habeas corpus relief from a state court conviction, a petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "Custody" is defined not only as physical confinement, but also includes circumstances entailing such limitations on a person's liberty as those imposed during parole. *See Maleng v. Cook*, 490 U.S. 488, 491 (1989). "Custody" does not, however, attach to an obligation to pay "restitution or a fine" in conjunction with a summary offense conviction. *Ascenzi v. Erickson*, 2007 WL 712129, at *2 (M.D. Pa. Mar. 7, 2007). *See also Obado v. New Jersey*, 328 F.3d 716, 718 (3d Cir. 2003) ("The payment of restitution or a fine, absent more, is not the sort of 'significant restraint on liberty' contemplated in the 'custody' requirement of the federal habeas corpus statutes."); *Barry v. Bergen County Probation Dept.*, 128 F.3d 152 (3d Cir. 1997) (collecting cases for the proposition that "the imposition of a fine or restitution does not constitute 'custody.'"). Because the imposition of a $25 fine and court costs did not place Petitioner "in custody" for purposes of § 2254, the Court lacks jurisdiction over his claims.

claims should be denied as untimely.  Accordingly, no certificate of appealability should issue.

V.    Conclusion

As outlined above, Hunter's petition is untimely and is not subject to statutory or equitable tolling.  Accordingly, his petition for writ of habeas corpus is denied, with prejudice, and no certificate of appealability should issue.  A separate order will follow.

DATED this 9th day of June, 2026.

BY THE COURT:

RICHARD A. LANZILLO
Chief United States Magistrate Judge